Dear Representative Salter:
I am in receipt of your request for an Attorney General=s opinion regarding the authority of local public school boards to adopt regulations concerning the possession by students of cellular telephones while students are in school, on school grounds, and in school buses. Act No. 927, HB No. 750, amended and reenacted LSA-R.S. 17:239 on July 1, 2003. LSA-R.S. 17:239 now states the following concerning the prohibition against unauthorized cases of electronic telecommunication devices by students in any public elementary or secondary school building:
 A. Effective beginning with the 2003-2004 school year and thereafter, no student, unless authorized by the school principal or his designee shall use or operate any electronic telecommunication device including any facsimile system, radio paging service, mobile telephone service, intercom, or electro-mechanical paging system in any public elementary or secondary school building or on the grounds thereof or in any school bus used to transport public school students.
 B. A violation of the provisions of Subsection A of this Section may be grounds for disciplinary action by the school system, including but not limited to suspension from school.
 C. Nothing in this Section shall affect the conduct of law enforcement activities including the use of electronic detection devices, dogs, or other means of conducting searches for weapons, drugs, or other contraband in whatever manner is otherwise permitted by law and consistent with local school board policy.
 D. Nothing in this Section shall prohibit the use and operation by any person, including students, of any electronic telecommunication device described in Subsection A of this Section in the event of an emergency. Emergency means an actual or imminent threat to public health or safety which may result in loss of life, injury, or property damage.
Section A of this statute previously included the prohibition against a student possessing any electronic-telecommunication device including any facsimile system, radio paging service, mobile telephone service, intercom, or electro-mechanical paging system in any public elementary or secondary school building or on the grounds thereof or in any school bus used to transport public school students. You indicated that it is your position that the law as amended by Act. No. 927 does not affect the authority of a local public school board to adopt policies regulating possession by students of cellular telephones provided that if possession is permitted, control over use and operation is placed with the school principal or his designee as specified by Act. No. 927.
LSA-R.S. 17:81(C) provides the following concerning the general powers of city and parish school boards. It states:
 Each city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of elementary and Secondary education, as it may deem proper.
LSA-R.S. 17:416.13A states the following concerning a student code of conduct:
 By not later than August 1, 1999, each city, parish, and other local public school board shall adopt a student code of conduct for the students in its school system. Such code of conduct shall be in compliance with all existing rules, regulations, and policies of the board and of the State Board of Elementary and Secondary education and all state laws relative to student discipline and shall include any necessary disciplinary action to be taken against any student who violates the code of conduct.
Parish school boards may make such rules for their government as they desire, so long as the rules do not conflict with law or regulations of the Louisiana State Board of Education (See Attorney General opinion May 24, 1966.)
Since LSA-R.S. 17:239 does not prohibit nor allow the possession by students of cellular telephones while students are in school, on school grounds and in school buses, a local public school board can adopt a code of conduct which includes regulations concerning the possession by students of cellular telephones provided the regulations are in compliance with all existing rules, regulations and policies of the local school board and of the State Board of Elementary and Secondary Education and all state laws relative to student discipline. The regulation must include any necessary disciplinary action to be taken against any student who violates the code of conduct.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________________ BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL
RPI:BCR:sc